## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Cathy Strand, | Case No. <u>0:15-cv-01885</u> |
| Plaintiff, | |
| v. | **COMPLAINT** |
| Central Credit Services, LLC, | |
| Defendant. | DEMAND FOR JURY TRIAL |

### JURISDICTION

1.  This action arises out of violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.  Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3.  Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4.  Plaintiff Cathy Strand (hereinafter "Plaintiff") is a natural person who resides in the City of Saint Paul, County of Washington, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5.    Defendant Central Credit Services, LLC (hereinafter "Defendant") is a collection agency and foreign business corporation with a home office address located at 9550 Regency Square Boulevard, Suite 500, Jacksonville, Florida 32225, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6.    Defendant alleges that Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely a balance for home phone and internet services with CenturyLink in the amount of $89.97.

7.    In or around April 2014, Plaintiff attempted to set up her home phone and internet services through CenturyLink.

8.    CenturyLink was supposed to send Plaintiff a CD that would allow her to activate these phone and internet services so that Plaintiff could use them.

9.    However, CenturyLink failed to send Plaintiff the CD that was required to activate the services, so Plaintiff never able to use the services.

10.   Plaintiff immediately informed CenturyLink that she was never sent the CD and therefore could not use the phone and internet services.

11.   Later in April 2014, when CenturyLink still had not fixed the problem, Plaintiff asked that CenturyLink disconnect and cancel the account.

12.     Despite the fact that Plaintiff never used any of CenturyLink's services, because she was not able to activate them, CenturyLink billed her approximately $90 and sent her into collections.

13.     In or around October 2014, CenturyLink sent this disputed debt to a third party debt collector.

14.     Plaintiff disputed this alleged debt with that third party debt collector.

15.     That third party debt collector then closed the account and sent it back to CenturyLink.

16.     Sometime thereafter, this disputed debt was then consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

### *Illegal Collection After Dispute and Illegal Threat of Credit Reporting*

17.     On or about January 13, 2015, Defendant sent an initial collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

18.     Defendant's January 13, 2015, initial collection letter demanded payment from Plaintiff for this disputed CenturyLink bill in the amount of $89.97.

19.     The January 13, 2015, collection letter then continued by stating, in relevant part, the following:

        Dear Cathy Strand,

> Your account has been placed in our agency for collection. We understand it may be difficult to stay current with all financial obligations. You may contact a representative at 1-866-499-1855 to discuss different options to resolve the balance. *If payment is not made and no dispute currently exists your account(s) will be reported to the credit bureau in 45 days.*

(Emphasis added).

20. Defendant's January 13, 2015, initial collection letter also contained a proper validation notice, pursuant to the FDCPA at 15 U.S.C. § 1692g, advising Plaintiff of her right to dispute this debt within 30 days of receiving the collection letter.

21. Notably, however, Defendant threatened that they would be adversely reporting this account to the credit bureaus if Plaintiff did not make a payment or a dispute within 45 days.

22. Shortly after receiving the letter, on or about January 30, 2015, Plaintiff called Defendant and spoke to one of Defendant's collection agents, "TJ," about this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23. During this call, Plaintiff informed Defendant's collector that she received a letter about the CenturyLink account, which alleged that she owed them $89.97.

24.   Plaintiff then told Defendant's collector that she wanted to dispute the claim, and so Plaintiff asked if she needed to submit a written letter to dispute the claim or if she could submit a formal dispute over the phone.

25.   Defendant's collector, TJ, responded by telling Plaintiff that her verbal request was sufficient and that he that he would file a formal dispute for her, or words to that effect.

26.   Plaintiff wanted to make sure that this account would not show up on her credit report, so she again asked Defendant's collector if she needed to submit anything in writing.

27.   In response, Defendant's collector again confirmed that Plaintiff did not have to submit anything in writing because her call to him was sufficient to file a dispute on this account, or words to that effect.

28.   The call ended shortly thereafter.

29.   After this January 30, 2015, phone call with Defendant, Plaintiff was under the impression that Defendant's collector had entered a written dispute of this account for her, and that Defendant would hold off on the credit reporting of this disputed account.

30.   However, on or about February 23, 2015, Defendant sent another collection letter to Plaintiff demanding payment for this disputed debt, which was a

"communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

31.   Defendant's February 23, 2015, collection letter again demanded payment from Plaintiff for this disputed CenturyLink bill in the amount of $89.97.

32.   The February 23, 2015, collection letter then continued by stating, in relevant part, the following:

> Dear Cathy Strand,
>
> This letter is sent on behalf of the creditor listed above, regarding the amount that is now owed on the referenced debt. *The amount due is $89.97 and is being reported to the credit bureau.* Please send the total amount due to the address listed below.
>
> (Emphasis added).

33.   Despite Plaintiff's dispute to Defendant on January 30, 2015, Defendant sent this February 23, 2015, letter in an attempt to collect this same alleged and disputed debt.

34.   At the time Defendant sent this collection letter on or about February 23, 2015, Defendant had never mailed or provided Plaintiff with written verification of this alleged and disputed debt, as required by the FDCPA.

35.   Still, to date, Defendant has not sent verification of this disputed debt to Plaintiff.

36.    Defendant ignored Plaintiff's dispute, failed to cease collection of this alleged debt, and continued to collect this disputed debt from Plaintiff without first providing verification of the debt.

37.    Defendant's failure to cease collection of this debt, before mailing or providing Plaintiff with verification of the debt, was an act done in violation of the FDCPA at 15 U.S.C. § 1692g.

38.    Moreover, Defendant's initial letter, dated January 13, 2015, stated that Defendant would report the account to the credit bureaus in 45 days if a payment, or dispute, was not made.

39.    However, Defendant's second letter, dated February 23, 2015, only 41 days after the first, now stated that the account was already being reported to the credit bureaus.

40.    On top of that, Plaintiff did dispute this account with Defendant in the 45-day window, and therefore, based on Defendant's initial letter, she thought the account was not going to be reported to the credit bureaus.

41.    Defendant's indication in its second collection letter that they were now reporting this disputed debt contradicted and overshadowed the rights they provided to Plaintiff in its first collection letter, and in violation of the FDCPA.

42.     Defendant failed to take into account Plaintiff's dispute of this debt and, in an effort to get Plaintiff to pay, claimed to now be credit reporting this alleged and disputed debt.

43.     Defendant's February 23, 2015, collection letter contradicted and overshadowed Plaintiff's right to dispute this debt, and also contradicted and overshadowed its own initial collection letter, in violation of multiple provisions of the FDCPA.

44.     Moreover, upon well-grounded information and belief, Defendant has not reported this collection account on any of Plaintiff's credit reports.

45.     Instead, it appears that Defendant's statement that the account was already being reported was false, deceptive and made in an effort to get Plaintiff to pay on this disputed debt.

46.     Defendant's threat to negatively report to Plaintiff's credit bureaus was a threat to take action that was not intended to be taken in violation of the FDCPA at 15 U.S.C. § 1692e(5).

47.     Defendant's false, deceptive and misleading representations to Plaintiff were material representations that affected and frustrated her ability to respond to Defendant because Plaintiff now thought that her credit report would be adversely affected no matter what she did, and further, Plaintiff was confused

about whether she had properly disputed this debt before the expiration of the 30-day validation period.

48.   These communications from Defendant were deceptive, misleading, unfair and illegal communications in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692g(b), amongst others.

### *Summary*

49.   The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

50.   Plaintiff has suffered actual damages as a result of these illegal collection communications by Defendant in the form of anger, frustration, and upset, amongst other negative emotions.

### *Respondeat Superior Liability*

51.   The acts and omissions of the individual employees and agents of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as more further described herein, were committed

within the time and space limits of their agency relationship with their principal, Defendant.

52. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

53. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

54. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

55. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## **CAUSES OF ACTION**

## **COUNT I.**

## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq.***

56.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57.   The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

58.   As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: April 7, 2015

By: s/ Patrick J. Helwig
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone: (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com

**Attorney for Plaintiff**

-12-

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA     )
                                 ) ss

COUNTY OF HENNEPIN     )

Pursuant to 28 U.S.C. § 1746, Plaintiff Cathy Strand, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ 04 _____   _____ 07 _____ , _____ 2015 _____
                     Month             Day           Year

_____
Signature